United States District Court
Southern District of Texas
**ENTERED**
April 22, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| F. Chaziya and E. Mukuvare, § § § *Plaintiffs*, § § v. § § Visa Solutions, LLC and Navajo Express, Inc., § § § *Defendants*. § § § | Civil Action No. 4:24-cv-02656 |

## **MEMORANDUM, RECOMMENDATION, AND ORDER**

Pending are three motions. Defendant Visa Solutions, LLC filed a motion to dismiss all claims, Dkt. 30, which the Court converted into a motion for summary judgment, Dkt. 49. Plaintiff F. Chaziya's counsel then filed a motion to withdraw as counsel. Dkt. 46. Later, after a hearing on the motion to withdraw, *see* Dkt. 47, Chaziya filed a motion to voluntarily dismiss his claims with prejudice, invoking Fed. R. Civ. P. 41(a)(2), Dkt. 51. After carefully considering the motions, responses, Dkt. 48, 52, the record, and the applicable law, it is recommended that Chaziya's motion to dismiss his claims with prejudice be granted, and that the remaining motions be denied as moot.

## Background

On July 16, 2024, Chaziya and co-Plaintiff E. Mukuvare filed this suit against Visa Solutions and Navajo Express, Inc., alleging violations of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589(a)-(b), 1590(a), 1594(a), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962. Dkt. 1; *see also* Dkt. 9 (amended complaint). With the Court's permission, Dkt. 16, the pleading was amended to drop Mukuvare as a plaintiff, delete the RICO allegations, and raise a new breach-of-contract claim. *See* Dkt. 17 (second amended complaint).

After both defendants filed motions to dismiss, Dkt. 23, 30, Chaziya dismissed his claims against Navajo Express, Dkt. 36 (granting dismissal). Because Visa Solutions's motion to dismiss relied heavily on documents outside the complaint, the Court converted the motion into a motion for summary judgment. *See* Dkt. 49.

In the interim, however, Bruce A. Cone, Zeinab Beydoun, Jasmine Lewis, and the law firm of Coane and Associates, PLLC filed an opposed motion to withdraw as Chaziya's counsel, Dkt. 44, which was denied without prejudice for failure to provide sufficient facts substantiating good cause for withdrawal and reasonable notice to Chaziya, Dkt. 45. Counsel then renewed their motion to withdraw, Dkt. 46, which was set for hearing, Dkt. 47. Visa Solutions filed an opposition to the motion. Dkt. 48.

Chaziya, his counsel, and counsel for Visa Solutions attended the April 1, 2025 hearing on the motion to withdraw. Chaziya stated, on the record, that he no longer wished to pursue the suit because he lacks funds to continue paying his counsel. *See* Dkt. 50 at 1. He further confirmed, after discussing the issue privately with his counsel, that he wished for counsel to withdraw from representing him and to dismiss the case. *See id.* at 1-2.

The Court set an April 4, 2025 deadline for Chaziya to file a motion to voluntarily dismiss his claims, if indeed that was his desire. *See id.* at 2. Chaziya then did so, filing a motion for voluntary dismissal—with prejudice—under Fed. R. Civ. P. 41(a)(2). *See* Dkt. 51. Visa Solutions responded. Dkt. 52. All pending motions are ripe for resolution.

## Legal standard

The Federal Rules of Civil Procedure specify two avenues for a plaintiff's voluntary dismissal of claims. First, a plaintiff may dismiss his action without a court order, either by filing (i) a notice of dismissal before the defendant has served either an answer or a motion for summary judgment; or (ii) a stipulation signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1).

Second, any dismissal that does not fit within the foregoing parameters requires the plaintiff to obtain a court order "on terms that the court considers proper." *Id.* at 41(a)(2). District courts have broad discretion when resolving Rule 41(a)(2) motions. *See Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir.

3

1985). Such dismissals "should be freely granted" unless the defendant will suffer some "plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Plain legal prejudice exists "when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 162-63 (5th Cir. 2010) (quoting *Elbaor*, 279 F.3d at 317); *see also United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003). If a district court concludes that granting a Rule 41(a)(2) motion unconditionally will cause plain legal prejudice, it may either deny the motion or craft conditions that would cure the prejudice. *See Elbaor*, 279 F.3d at 317-18. Such conditions can include requiring that the claims be dismissed *with* prejudice. *See id.* at 320.

## Analysis

Chaziya's Rule 41(a)(2) motion to dismiss his claims is proper. In that motion, Chaziya explicitly requests that the Court dismiss *with prejudice* his claims for forced labor under the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589(a)-(b), 1590(a), and 1594(a), and for breach of contract. *See* Dkt. 51.

Visa Solutions, however, demands that Chaziya be further required to file a "sworn statement" attesting that (1) the suit has not been settled; and (2) "Chaziya has offered no evidence of his allegations against Visa Solutions

4

in this lawsuit." Dkt. 52 at 3. Visa Solutions cites no authority supporting its demand, and the Court finds none.

At the April 1, 2025 hearing, Visa Solutions argued that further conditions were warranted because Chaziya's claims are meritless, such that their dismissal would foreclose this Court from resolving the now-converted motion for summary judgment. Even if that were true, the remedy is to dismiss the suit with prejudice, which cures the legal prejudice from potentially having to relitigate the suit. *See, e.g.*, *Harris v. Devon Energy Prod. Co.*, 500 F. App'x 267, 269 (5th Cir. 2012) (per curiam) (holding that the district court should have dismissed the case with prejudice because the plaintiffs' voluntary dismissal "was intended to avoid an imminent adverse result on summary judgment"); *Steadfast 829 Holdings, Inc. v. 2017 Yale Dev., LLC*, 2024 WL 1605336, at *2-4 (S.D. Tex. Apr. 12, 2024) (requiring that the claims be dismissed with prejudice, due to (inter alia) the late stage of proceedings and plaintiff's apparent effort to avoid "one or more imminent adverse rulings against it"). That is precisely what Chaziya has requested. *See* Dkt. 51. No authority indicates that Visa Solutions can extract sworn concessions from Chaziya when his requested relief would conclusively foreclose his claims.

Accordingly, this Court should grant Chaziya's motion to dismiss his claims with prejudice without imposing further conditions. This disposition would also moot Visa Solutions's pending motion for summary judgment

5

(Dkt. 30) and the motion filed by Chaziya's counsel to withdraw from representing him in this suit (Dkt. 46).

## Recommendation and Order

For the foregoing reasons, it is **RECOMMENDED** Plaintiff F. Chaziya's motion to dismiss his claims with prejudice under Fed. R. Civ. P. 41(a)(2) (Dkt. 51) be **GRANTED**, and that this suit be **DISMISSED WITH PREJUDICE**.

It is further **RECOMMENDED** that Defendant Visa Solutions, LLC's now-converted motion for summary judgment (Dkt. 30, converted by Dkt. 49) be **DENIED AS MOOT.**

It is further **ORDERED** that the (renewed) opposed motion to withdraw as Plaintiff's counsel (Dkt. 46) is **DENIED AS MOOT**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on April 22, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge