United States District Court
Southern District of Texas
**ENTERED**
May 23, 2025
Nathan Ochsner, Clerk

## United States District Court
## Southern District of Texas
## Houston Division

| | | |
|---|---|---|
| FIDELIS CHAZIYA and EDEN MUKUVARE, | § § § § § | Civil Action No 4:24-cv-02656 |
| Plaintiffs, | | |
| vs. | § § § § | Judge Charles Eskridge |
| VISA SOLUTIONS LLC and NAVAJO EXPRESS INC, Defendants. | § § § § | |

## Order Adopting
## Memorandum and Recommendation

Plaintiffs Fidelis Chaziya and Eden Mukuvare filed a complaint against Defendants Visa Solutions, LLC, and Navajo Express, Inc, alleging violations of the Trafficking Victims Protection Act and the Racketeer Influence and Corrupt Organizations Act. Dkt 9. Navajo Express was later dismissed, leaving only Visa Solutions. Dkt 36.

The matter was referred to Magistrate Judge Yvonne Y. Ho. Dkt 13. She issued the pending Memorandum and Recommendation on April 22, 2025, in which she addressed three pending motions. Dkt 53. She recommends that the motion by Plaintiffs for voluntary dismissal with prejudice be granted. See Dkt 51. She also recommends that the motions by Visa Solutions for summary judgment and by Plaintiffs' counsel to withdraw be denied as moot. See Dkts 30 & 46; see also Dkt 49 (converting motion to dismiss to motion for summary judgment). No objection was filed.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see

also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

It is noted here, as it was by the Magistrate Judge, that Defendant adamantly asserts that the voluntary dismissal by Plaintiffs doesn't follow from any settlement, and that it believes that Plaintiffs had no evidence to support their claims in the first place. See Dkt 53 at 4–5.

It is also noted here that Defendant accuses Plaintiffs' counsel of unseemly and, if true, unethical practice of law. See Dkt 48 at 1–2 (response to motion to withdraw, alleging groundless threat of litigation in attempt to extort prefiling settlement). The present disposition means that such accusations won't be resolved. But nothing in this Order should be construed as preventing Defendant from bringing separate action against such counsel and their law firm, if believed appropriate and desired. Nor should it be construed as preventing Defendant or its counsel from lodging an ethical grievance with the State Bar of Texas, if believed appropriate.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 53.

The motion by Plaintiffs Fidelis Chaziya and Eden Mukuvare to voluntarily dismiss this action with prejudice is GRANTED. Dkt 51.

The motion by Defendant Visa Solutions, LLC, for summary judgment is DENIED AS MOOT. Dkt 30.

The motion by counsel to Plaintiffs Fidelis Chaziya and Eden Wukuvare to withdraw is DENIED AS MOOT. Dkt 46.

This action is DISMISSED WITH PREJUDICE.
A final judgment will enter separately.
SO ORDERED.

Signed on May 19, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge